**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **CAROLYN FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | <u>**Jury Trial Demanded**</u> |
| | ) | |
| **ACE CASH EXPRESS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

<u>**COMPLAINT**</u>

CAROLYN FRANKLIN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ACE CASH EXPRESS, INC. ("Defendant"):

**INTRODUCTION**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47. U.S.C. Sec. 227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Memphis, Tennessee.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation with its principal place of business located at 1235 Greenway Drive, Suite 600, Irving, Texas 75038.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has had the same cellular telephone number for more than a year.

11.     Plaintiff has only used the number as a cellular telephone.

12.     Beginning on or around January 2016, and continuing through April 2016, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number for a third party named Trent Tucker.

13.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14.     Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded voice as the calls would begin with a pre-recorded message.

15.     Defendant's telephone calls were not made for "emergency purposes," rather Defendant was attempting to contact a third party named Trent Tucker.

16.     In January 2016, Plaintiff told Defendant it was calling the wrong number and revoked any consent that may have been previously given.

PLAINTIFF'S COMPLAINT

17.     Defendant heard and acknowledged Plaintiff's request to cease calls.

18.     However, Defendant continued to call through April 2016, often multiple times in a day, with knowledge it was calling the wrong party.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

21.     Defendant's calls to Plaintiff were not made for emergency purposes.

22.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as Defendant was calling for a third party, not Plaintiff.

23.     Plaintiff also told Defendant to cease calling in February 2016.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CAROLYN FRANKLIN, respectfully prays for judgment as follows:

    a.   All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.   Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e.   Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CAROLYN FRANKLIN, demands a jury trial in this case.

Respectfully submitted,

DATED:  June 10, 2016        By: /s/ Amy Lynn Bennecoff Ginsburg
                            Amy Lynn Bennecoff Ginsburg, Esquire
                            BPR # 28563
                            Kimmel & Silverman, P.C.
                            30 E. Butler Avenue
                            Ambler, PA 19002
                            215-540-8888
                            aginsburg@creditlaw.com
                            Attorney for Plaintiff